"Whenever one person has in his possession money which he cannot conscientiously retain from another, the latter may recover it in this form of action, subject to the restriction that the mode of trial and the relief which can be given in a legal action are adapted to the exigencies of the particular case."

From the complaint it appears that the relief demanded must involve a readministration of the estate and a determination of the right to participate in its funds. The mode of trial and the relief adapted to the exigencies of a case such as this were indicated by Judge Bartlett in Matter of Killan, 172 N. Y. 547, 560, 65 N. E. 561, 564, 63 L. R. A. 95, where, speaking for the majority of the court, he says:

"We hold that the petitioner was at liberty to invoke one of two remedies. He could require the administrator to account in this proceeding, or he might have summoned him and all the parties in interest into a court of equity for a like purpose."

The complaint in the case at bar, in my opinion, necessarily involves the exercise of an equity jurisdiction not conferred upon this court. Motion denied.

---

(54 Misc. Rep. 319)

EVANS et al. v. SCHIFF.

(City Court of New York, Trial Term. May, 1907.)

GUARANTY—CONSTRUCTION.

     Where defendant guaranteed plaintiffs that whatever materials they delivered to a third person defendant would pay for "sixty days after each delivery. The amount not higher than $250"—is a contract for materials to the amount of $250, and the defendant is not liable for goods delivered in excess thereof.

     [Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Guaranty, § 49.]

Action by Barnett Evans and others against Harry Schiff. Verdict for plaintiff. Motion to set aside verdict and for a new trial granted.

Samuel Goldstein, for plaintiffs.

Philbin, Beekman & Menken, for defendant.

GREEN, J. This is a motion to set aside a verdict directed for the plaintiff and for a new trial. The action was brought by the plaintiff against the defendant to recover an unpaid balance for merchandise delivered to one Cohen, and arising out of the following written instrument:

"I Harry Schiff, of the borough of Manhattan, New York City, for and in consideration of the sum of one dollar and other good and valuable considerations, hereby guarantee to Evans Bros. that whatever paints or materials that they deliver to M. Cohen contractor to be used on the buildings on the south side of 111 St. between Manhattan and Eighth avenue N. Y. City that I Harry Schiff, will pay for same. Dated N. Y. April 27th, 1906. Terms sixty days after each delivery. The amount not higher than two hundred and fifty dollars ($250).

     "[Signed]                             H. Schiff."

The plaintiffs contend that this instrument constitutes a guaranty; the defendant that the instrument is a contract of suretyship. The distinction between suretyship and guaranty is well known and so well

settled as to require no citation of authorities to sustain a definition of the respective terms, but the difficulty the courts have always met is in the proper construction or interpretation of the instrument from the language used, in order to place it within its proper class. The distinction between the two classes is "a surety undertakes to pay if the debtor do not, while the guarantor undertakes to pay if the debtor cannot." An examination of the instrument upon which the recovery was had and the elimination of language not material for the proper interpretation of the intent and character thereof brings the intent · clearly to the mind. Skeletonized and without transposition, the language of the instrument may be said to be as follows:

· "I Harry Schiff * * * guarantee Evans Bros. that whatever * * * materials they deliver to M. Cohen * * * I will pay for * * * Sixty days after each delivery. The amount not higher than $250.
"[Signed]                                                            H. Schiff."

It will be noted that nothing contained in the instrument refers to a sale of the materials to Cohen, but the language is that the defendant will pay for any materials delivered to him, and, while the word used is that the defendant "guarantees," I am of the opinion that the instrument is neither in the strict legal sense either a guaranty or a suretyship, but a distinct original contract or promise by the defendant to pay for materials delivered to Cohen. The plaintiffs delivered to the said Cohen and for the use in the premises in question goods of the proven value of $561.13, of which amount $220.50 it is admitted was paid by defendant, leaving a balance of $340.63, and for the recovery of this sum the action is brought against the defendant to recover against him, up to the amount of $250, the amount of the alleged liability set forth in the written instrument. The defendant claims that, having paid the sum of $220.50, his indebtedness to the plaintiffs is but $29.50, which he tendered to the plaintiffs before suit and before trial. The plaintiffs claim that the instrument is a continuing guaranty and that its effect was to make defendant liable if there was a balance due of $250, no matter how much he had previously paid, and they further contend that the intendment of the instrument was that each delivery was to be "the amount not higher than $250," and refer in substantiation of such contention to the language, "terms sixty days after each delivery. The amount not higher than $250." With this interpretation I cannot now agree. The language, "terms sixty days after each delivery," was a limitation as to the time of the credit, and had no relation to the amount which the defendant agreed and bound himself to pay, except as to the time of such payment. The true meaning and interpretation of the instrument may be said to be, briefly, that the defendant would pay for whatever paints or material were delivered, but only up to $250.

This being the conclusion at which I have arrived, I am of the opinion that the court erred in directing a verdict for the plaintiff, and it should therefore be set aside, but without costs. Motion to set aside the verdict and for a new trial granted and cause restored for May 14, 1907.

Motion granted and cause restored.